UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MICHAEL C. CARTER,                          NO. CIV. 2:10-639 WBS DAD

       Plaintiff,

    v.                                   MEMORANDUM AND ORDER RE:
                                            MOTIONS TO DISMISS
GMAC MORTGAGE, LCC; FIRST
CALIFORNIA MORTGAGE, a
California corporation; and
DOES 1 through 100, inclusive,

       Defendants.
_____/


----oo0oo----


       Plaintiff Michael C. Carter brought this action against
defendants GMAC Mortgage, LLC ("GMAC") and First California
Mortgage ("First California") alleging various federal and state
claims arising out of plaintiff's mortgage transaction.
Presently before the court are defendants' motions to dismiss the
Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

I.   Factual and Procedural Background

1

1    On December 7, 2005, plaintiff obtained a loan from

2  First California to purchase his home, located at 1664 Baroness

3  Way in Roseville, California.  (Compl. ¶¶ 6, 14; GMAC Req.

4  Judicial Notice Ex. 1.)  Plaintiff claims that he was channeled

5  into this allegedly unaffordable loan through the conduct of

6  First California, who allegedly exaggerated plaintiff's earnings

7  and the value of the property to secure the loan.  (Id. ¶ 14.)

8  Plaintiff further alleges that he did not receive disclosures

9  required to be provided to him by the Truth in Lending Act

10  ("TILA"), 15 U.S.C. §§ 1601-1667f, at the time of loan

11  origination.  (Compl. ¶ 42.)  The FAC alleges that GMAC "either

12  assumed or was assigned said loan" and is therefore liable for

13  these violations under "successor's liability law."  (Id. ¶ ¶ 9,

14  13.)

15    Plaintiff filed the Complaint in California Superior

16  Court in Placer County on February 18, 2010.  (Docket No.1.)

17  First California then removed the case to this court on March 18,

18  2010 with the consent of GMAC.  (Id.)  In his Complaint,

19  plaintiff asserts ten causes of action against GMAC and First

20  California.  GMAC and First California now move to dismiss the

21  Complaint for failure to state a claim upon which relief can be

22  granted.

23  II.  Discussion

24    On a motion to dismiss, the court must accept the

25  allegations in the complaint as true and draw all reasonable

26  inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416

27  U.S. 232, 236 (1974), overruled on other grounds by Davis v.

28  Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322

2

1  (1972).  To survive a motion to dismiss, a plaintiff needs to

2  plead "only enough facts to state a claim to relief that is

3  plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.

4  544, 570 (2007).  This "plausibility standard," however, "asks

5  for more than a sheer possibility that a defendant has acted

6  unlawfully," and where a complaint pleads facts that are "merely

7  consistent with" a defendant's liability, it "stops short of the

8  line between possibility and plausibility." Ashcroft v. Iqbal,

9  129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556-

10 57).

11         In general a court may not consider items outside the

12 pleadings upon deciding a motion to dismiss, but may consider

13 items of which it can take judicial notice. Barron v. Reich, 13

14 F.3d 1370, 1377 (9th Cir. 1994).  A court may take judicial

15 notice of facts "not subject to reasonable dispute" because they

16 are either "(1) generally known within the territorial

17 jurisdiction of the trial court or (2) capable of accurate and

18 ready determination by resort to sources whose accuracy cannot

19 reasonably be questioned." Fed. R. Evid. 201.

20         GMAC and First California each submitted a request for

21 judicial notice.  GMAC requests the court take notice of

22 plaintiff's First Deed of Trust, publically recorded in the

23 Placer County Recorder's Office. (Docket No. 7.)  The court will

24 take judicial notice of this document, since it is a matter of

25 public record whose accuracy cannot be questioned. See Lee v.

26 City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).  First

27 California requests the court take notice of several documents

28 related to plaintiff's mortgage transaction found in its records

1  and files.  (Docket No. 9.)  The court declines to take notice of

2  these documents, since First California's files are not a source

3  whose accuracy cannot be reasonably questioned under Federal Rule

4  of Evidence 201(b).

5       A.   <u>TILA Claim</u>

6            Plaintiff's first cause of action prays for damages and

7  rescission of his loan under the Truth in Lending Act ("TILA"),

8  15 U.S.C. §§ 1601-1667f.

9            1.   <u>Rescission</u>

10           In a consumer credit transaction where the creditor

11 acquires a security interest in the borrower's principal

12 dwelling, TILA provides the borrower with "a three-day

13 cooling-off period within which [he or she] may, for any reason

14 or for no reason, rescind" the transaction.  <u>McKenna v. First</u>

15 <u>Horizon Home Loan Corp.</u>, 475 F.3d 418, 421 (1st Cir. 2007)

16 (citing 15 U.S.C. § 1635).  A creditor must "clearly and

17 conspicuously disclose" this right to the borrower along with

18 "appropriate forms for the [borrower] to exercise his right to

19 rescind."  15 U.S.C. § 1635(a).

20           If a creditor fails to provide the borrower with the

21 required notice of the right to rescind, the borrower has three

22 years from the date of consummation to rescind the transaction.

23 <u>Id.</u> § 1635(f); <u>see</u> 12 C.F.R. § 226.23(a)(3) ("If the required

24 notice or material disclosures are not delivered, the right to

25 rescind shall expire 3 years after consummation.").  "[Section]

26 1635(f) completely extinguishes the right of rescission at the

27 end of the 3-year period."  <u>Beach v. Ocwen Fed. Bank</u>, 523 U.S.

28 410, 412, (1998); <u>see also</u> <u>Miquel v. Country Funding Corp.</u>, 309

4

1  F.3d 1161, 1164 (9th Cir. 2002) ("[S]ection 1635(f) represents an

2  'absolute limitation on rescission actions' which bars any claims

3  filed more than three years after the consummation of the

4  transaction. (quoting King v. California, 784 F.2d 910, 913 (9th

5  Cir. 1986))); Cazares v. Household Fin. Corp., 2005 U.S. Dist.

6  LEXIS 39222, at *24-25 (C.D. Cal. 2005) (concluding that, "[i]f

7  certain Plaintiffs did exercise their rights to rescind[ ] prior

8  to the expiration of the three-year limitation period," such

9  facts "would only entitle Plaintiffs to damages, not rescission"

10 (citing Belini v. Wash. Mut. Bank, FA, 412 F.3d 17 (1st Cir.

11 2005))).  The Complaint alleges that "[a] Qualified Written

12 Request . . . will be mailed to [d]efendants . . . [which]

13 includes a demand to rescind the loan . . . ."  (Compl. ¶ 23.)

14 However, plaintiff's loan closed on December 7, 2005, putting his

15 future notice of rescission, even if sent on the date of filing

16 of the Complaint, well outside of the three-year limitations

17 period.  (GMAC Req. Judicial Notice Ex. 1.)

18      Moreover, plaintiff's rescission claim fails because he

19 has not demonstrated an ability to tender payment of the net

20 proceeds he received from the loan.  The Ninth Circuit has held

21 that rescission under TILA "should be conditioned on repayment of

22 the amounts advanced by the lender."  Yamamoto v. Bank of N.Y.,

23 329 F. 3d 1167, 1170 (9th Cir. 2003) (emphasis in original).

24 District courts in this circuit have dismissed rescission claims

25 under TILA at the pleading stage based upon the plaintiff's

26 failure to allege an ability to tender loan proceeds.  See, e.g.,

27 Garza v. Am. Home Mortgage, 2009 U.S. Dist. LEXIS 7448, at *15

28 (E.D. Cal. Jan. 27, 2009) (stating that "rescission is an empty

remedy without [the borrower's] ability to pay back what she has received"); Ibarra v. Plaza Home Mortgage, 2009 U.S. Dist. LEXIS 80581, at *22 (S.D. Cal. Sept. 4, 1009); Carnero v. Weaver, 2009 U.S. Dist. LEXIS 62665, at *8 (N.D. Cal. July 20, 2009); Pesayco v. World Sav., Inc., 2009 U.S. Dist. LEXIS 73299, at *4 (C.D. Cal. July 29, 2009); Ing Bank v. Korn, 2009 U.S. Dist. LEXIS 73329, at *7 (W.D. Wash. May 22, 2009).  Plaintiff has not alleged any facts indicating that he is able to tender sufficient funds to repay the loan principal.  Without such facts, plaintiff cannot receive the equitable remedy of rescission.

2.   Damages

The statute of limitations for a TILA damages claim is one year from the date of the alleged TILA violation.  15 U.S.C. § 1640(e). Plaintiff argues that the statute of limitations should be tolled because the circumstances of the loan were hidden from him at the outset.  Even if plaintiff is legally entitled to equitable tolling of his claim, plaintiff has not alleged any facts in the Complaint that would warrant tolling the statute of limitations.  Plaintiff simply asserts that he was unable to discover defendants' TILA violations until within the last year because "[t]he facts surrounding this loan transaction were purposefully hidden . . . ."  (Compl. ¶¶ 21, 26.)  This conclusory allegation is insufficient to establish the necessity for equitable tolling under even the pleading standards of Federal Rule of Civil Procedure 8(a).  See Iqbal, 129 S. Ct. at 1949; Cervantes v. Countrywide Home Loans, Inc., 2009 U.S. Dist. LEXIS 87997, at * 13-14 (D. Ariz. 2009) (holding that equitable tolling was not appropriate when plaintiffs simply alleged that

6

1  defendants "fraudulently misrepresented and concealed the true

2  facts related to the items subject to disclosure").

3          Even if plaintiff's TILA claim were timely, it is

4  currently insufficiently plead.  The claim does not so much as

5  indicate what sections of TILA defendants violated, simply

6  stating that "[d]efendants committed one ore more of the

7  following violations" and listing sections of the statute.

8  (Compl. ¶ 42.)  Such vague and conclusory pleadings to not come

9  close to surviving a motion to dismiss.  See Iqbal, 129 S. Ct. at

10  1949.  Accordingly, the court will grant defendants' motions to

11  dismiss plaintiff's TILA claim.

12      B.   California Rosenthal Fair Debt Collection Practices Act

13           Claim

14          Plaintiff's second cause of action alleges that

15  defendant violated the California Rosenthal Fair Debt Collection

16  Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.2.  The RFDCPA

17  prohibits a host of unfair and oppressive methods of collecting

18  debt, but to be liable under the RFDCPA a defendant must fall

19  under its definition of "debt collector."  Izenberg v. ETS Svcs.,

20  LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008).  A "debt

21  collector" under the RFDCPA is "any person who, in the ordinary

22  course of business, regularly, on behalf of himself or herself or

23  others, engages in debt collection."  Cal. Civ. Code § 1788.2(c)

24  (2008).

25          The Complaint does not identify the sections of the

26  RFDCPA that defendant allegedly violated, and fails to allege

27  facts that would support the inference that defendant is a "debt

28  collector" under the RFDCPA.  Instead, the FAC contains only a

7

1  conclusory restatement of the definition of "debt collectors"

2  under the RFDCPA without further explanation as to how

3  defendants' actions meet these definitions.  (Compl. ¶¶ 48-52.)

4  Plaintiff fails to so much as plead what practices defendants

5  engaged in that violated the RFDCPA, outside of the conclusory

6  allegation that defendants "repeatedly threatened to take actions

7  not permitted by law . . . ."  (Id. ¶ 50.)  Such broad

8  allegations, without even identifying what part of the RFDCPA

9  each defendant violated, are insufficient to survive a motion to

10 dismiss.  See Rosal v. First Fed. Bank of Cal., No. 09-1276, 2009

11 WL 2136777, at * 18 (N.D. Cal. July 15, 2009).

12        Additionally, foreclosure pursuant to a deed of trust

13 does not constitute debt collection under the RFDCPA.  See

14 Izenberg, 589 F. Supp. 2d at 1199; see also Rosal, 2009 WL

15 2136777, at *18 (dismissing RFDCPA claim as to all defendants in

16 foreclosure case); Ricon v. Recontrust Co., No. 09-937, 2009 WL

17 2407396, at *4 (S.D. Cal. Aug. 4, 2009) (dismissing with

18 prejudice plaintiff's unfair debt collection claims in

19 foreclosure case); Pittman v. Barclays Capital Real Estate, Inc.,

20 No. 09-0241, 2009 WL 1108889, at *3 (S.D. Cal. Apr. 24, 2009)

21 (dismissing with prejudice plaintiff's Rosenthal Act claim in

22 foreclosure case because a "residential mortgage loan does not

23 qualify as a 'debt' under the statute"); Gallegos v. Recontrust

24 Co., No. 08-2245, 2009 WL 215406, at *3 (S.D. Cal. Jan. 28, 2009)

25 (dismissing RFDCPA claim in foreclosure case).  Since residential

26 mortgage loans do not fall within the RFDCPA, the court must

27 grant defendants' motions to dismiss plaintiff's cause of action

28 for violations of the RFDCPA.

8

1       C.   <u>Negligence</u>

2            To prove a cause of action for negligence, a plaintiff

3  must show "(1) a legal duty to use reasonable care; (2) breach of

4  that duty, and (3) proximate [or legal] cause between the breach

5  and (4) the plaintiff's injury." <u>Mendoza v. City of Los Angeles</u>,

6  66 Cal. App. 4th 1333, 1339 (1998) (citation omitted).  "The

7  existence of a legal duty to use reasonable care in a particular

8  factual situation is a question of law for the court to decide."

9  <u>Vasquez v. Residential Invs., Inc.</u>, 118 Cal. App. 4th 269, 278

10  (2004).  Plaintiff alleges that defendants owed him a duty to

11  "perform acts . . . in such a manner as to not cause [p]laintiff

12  harm." (Compl. ¶ 54.)  Plaintiff further contends that

13  defendants breached this duty when "they used their knowledge and

14  skill to direct [him] into a lone for which [he] was not

15  qualified . . . ." (<u>Id.</u> ¶ 55.)

16            Plaintiff cites no authority for the proposition that

17  defendants owed a duty to not cause plaintiff harm.  Absent

18  contrary authority, a pleading of an assumption of duty by

19  defendants, or a special relationship, plaintiff cannot establish

20  defendants owed him a duty of care.  <u>See</u> <u>Hardy v. Indymac Fed.</u>

21  <u>Bank</u>, --- F.R.D. ---, No. CV F 09-935 LJO SMS, 2009 WL 2985446,

22  at *7 (E.D. Cal. Sept. 15, 2009); <u>Bentham v. Aurora Loan Servs.</u>,

23  No. C-09-2059 SC, 2009 WL 2880232, at *2-3 (N.D. Cal. Sept. 1,

24  2009).

25            Additionally, the Complaint lumps defendants together

26  and does not distinguish between their alleged actions.

27  Defendants should not be forced to guess how their conduct was

28  allegedly negligent.  <u>See Associated Gen. Contractors of Cal.</u>,

9

1   <u>Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526

2   (1983); <u>Gauvin v. Trombatore</u>, 682 F. Supp. 1067, 1071 (N.D. Cal.

3   1988).   The Complaint fails to state that GMAC and First

4   California have breached a cognizable legal duty, and accordingly

5   the court will grant defendants' motions to dismiss plaintiff's

6   cause of action for negligence.

7        D.   <u>Real Estate Settlement Procedures Act Claim</u>

8             Plaintiff's fourth claim alleges violations of the Real

9   Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§

10  2601-2617.   Plaintiff alleges that defendants violated RESPA by

11  "failing to correctly and accurately comply with one or more of

12  the disclosure requirements provided therein." (Compl. ¶ 63.)

13  The Complaint's RESPA claim is nothing more than a conclusory

14  allegation and recitation of the elements of a RESPA cause of

15  action with absolutely no factual enhancement.   Plaintiff's

16  allegations cannot possibly put defendants on notice of the claim

17  against them without so much as describing what sections of RESPA

18  they violated.   This falls well short of the demands of Rule 8,

19  and accordingly plaintiff's RESPA claim must be dismissed.

20  <u>Iqbal</u>, 129 S. Ct. at 1949.

21       E.   <u>Breach of Fiduciary Duty Claim</u>

22            The elements of a breach of fiduciary duty claim are

23  (1) existence of a fiduciary relationship; (2) breach of the

24  fiduciary duty; and (3) damage proximately caused by that breach.

25  <u>Roberts v. Lomanto</u>, 112 Cal. App. 4th 1553, 1562 (2003).   "The

26  absence of any one of these elements is fatal to the cause of

27  action." <u>Pierce v. Lyman</u>, 1 Cal. App. 4th 1093, 1101 (1991).

28  Plaintiff alleges that defendants breached their fiduciary duties

1  when they steered plaintiff into a loan he could not afford.

2  (Compl. ¶ 73.)

3        "Absent special circumstances, a loan transaction is at

4  arms-length and there is no fiduciary relationship between the

5  borrower and lender." <u>Rangel v. DHI Mortgage Co., Ltd.</u>, No. CV F

6  09-1035 LJO GSA, 2009 WL 2190210, at *3 (E.D. Cal. July 21, 2009)

7  (quoting <u>Oaks Management Corp. v. Superior Court</u>, 145 Cal. App.

8  4th 453, 466 (2006)).  Plaintiff has not plead any special

9  circumstances that indicate the closing of his mortgage was

10  anything but an arms-length loan transaction.  California First

11  was plaintiff's lender and accordingly owed no fiduciary duty to

12  plaintiff during their loan transaction.  GMAC cannot be held

13  secondarily liable for California First's alleged breach because

14  California First owes plaintiff no fiduciary duty.  Accordingly,

15  the court must dismiss plaintiff's breach of fiduciary duty

16  claim.

17        F.   <u>Fraud Claim</u>

18        Plaintiff's sixth claim alleges that defendants

19  committed fraud.  In California, the essential elements of a

20  claim for fraud are "(a) a misrepresentation (false

21  representation, concealment, or nondisclosure); (b) knowledge of

22  falsity (or 'scienter'); (c) intent to defraud, i.e., to induce

23  reliance; (d) justifiable reliance; and (e) resulting damage."

24  <u>In re Estate of Young</u>, 160 Cal. App. 4th 62, 79 (2008).  Under

25  the heightened pleading requirements for claims of fraud under

26  Federal Rule of Civil Procedure 9(b), "a party must state with

27  particularity the circumstances constituting the fraud."  Fed. R.

28  Civ. P. 9(b).  A plaintiff must include the "who, what, when,

where, and how" of the fraud.  <u>Vess v. Ciba-Geigy Corp. USA</u>, 317
F.3d 1097, 1106 (9th Cir. 2003) (citation omitted); <u>Decker v.</u>
<u>Glenfed, Inc.</u>, 42 F.3d 1541, 1548 (9th Cir. 1994).  Additionally,
"[w]here multiple defendants are asked to respond to allegations
of fraud, the complaint must inform each defendant of his alleged
participation in the fraud." <u>Ricon v. Reconstrust Co.</u>, No. 09-
937, 2009 WL 2407396, at *3 (S.D. Cal. Aug. 4, 2009) (quoting
<u>DiVittorio v. Equidyne Extractive Indus.</u>, 822 F.2d 1242, 1247 (2d
Cir. 1987)).

     Plaintiff's fraud claim does not even come close to
surviving a motion to dismiss.  First, the claim does not
differentiate between defendants.  Defendants should not be
forced to guess as to how their conduct was allegedly fraudulent.
<u>See</u> <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State</u>
<u>Council of Carpenters</u>, 459 U.S. 519, 526 (1983); <u>Gauvin</u>, 682 F.
Supp. at 1071.  Second, plaintiff's fraud allegations also fail
to specify so much as when the fraudulent statements alleged were
made, who specifically made them, and why they were false.
Plaintiff simply states that "[t]he above-state false
representations and one or more violations of state and federal
laws made by [d]efendants to [p]laintiff were designed to
fraudulently induce [p]laintiff to enter into said transaction."
(Compl. ¶ 78.)  The claim then goes on to state the remaning
elements of a cause of action for fraud.  (<u>See</u> <u>id.</u> ¶¶ 80-86.)
Plaintiff's conclusory statements come nowhere close to meeting
the pleading standard generally required under Rule 8, let alone
the heightened pleading standard of Rule 9(b).  <u>See</u> <u>Iqbal</u>, 129 S.
Ct. at 1949; <u>Vess</u>, 317 F.3d at 1006.

1    G.   <u>Breach of Contract Claim</u>

2         To state a claim for breach of contract under

3    California law, plaintiff must allege (1) the existence of a

4    contract; (2) plaintiff's performance or excuse for

5    nonperformance of the contract; (3) defendants' breach of the

6    contract; and (4) resulting damages.  <u>Armstrong Petroleum Corp.</u>

7    <u>v. Tri-Valley Oil & Gas Co.</u>, 116 Cal. App. 4th 1375, 1390 (2004).

8    Plaintiff alleges that he entered into an agreement with

9    defendants for a loan and that they breached their agreement "by

10   failing to exercise reasonable efforts and due diligence as

11   promised . . . [and] committing the acts stated herein."  (Compl.

12   ¶ 95.)

13        Plaintiff fails to state any facts that indicate the

14   existence of a contract obligating defendants to "exercise

15   reasonable efforts" or engage in "due diligence."  Such a vague

16   promises are not sufficient to show the existence of a contract.

17   <u>See</u> <u>Beverage Distributors, Inc. v. Olympia Brewing Co.</u>, 440 F.2d

18   21, 30 (9th Cir. 1971).  Plaintiff states no facts that indicate

19   the existence of terms in the loan contract that obligated

20   defendants to perform the actions mentioned in the Compliant.

21   <u>Iqbal</u>, 129 S. Ct. at 1949.  Without alleging facts that make the

22   existence of a contract to provide an affordable loan plausible,

23   plaintiff cannot state a claim for breach of contract.  <u>See</u>

24   <u>Hardy</u>, 2009 WL 2985446, at *5.  Accordingly, the court will grant

25   defendants' motions to dismiss plaintiff's claim for breach of

26   contract.

27   H.   <u>Breach of the Implied Covenant of Good Faith and Fair</u>

28        <u>Dealing Claim</u>

                              13

1    "Every contract imposes upon each party a duty of good

2   faith and fair dealing in its performance and its enforcement."

3   Marsu, B.V. v. Walt Disney Co., 185 F.3d 932, 937 (9th Cir. 1999)

4   (quoting Carma Developers, Inc. v. Marathon Dev. Cal., Inc., 2

5   Cal. 4th 342, 371 (1992)).  "A typical formulation of the burden

6   imposed by the implied covenant of good faith and fair dealing is

7   'that neither party will do anything which will injure the right

8   of the other to receive the benefits of the agreement.'"  Andrews

9   v. Mobile Aire Estates, 125 Cal. App. 4th 578, 589 (2005)

10   (quoting Gruenberg v. Aetna Ins. Co., 9 Cal. 3d 566, 573 (1973)).

11   Plaintiff alleges that defendants violated the implied covenant

12   of good faith and fair dealing by failing to comply with

13   "applicable laws" and failing to pay as much in regard to

14   [p]laintiffs [sic] financial interests as to [d]efendants'

15   financial interests."  (Compl. ¶¶ 99-100.)

16    "Generally, no cause of action for the tortious breach

17   of the implied covenant of good faith and fair dealing can arise

18   unless the parties are in a 'special relationship' with

19   'fiduciary characteristics.'"  Pension Trust Fund for Operating

20   Eng'rs v. Fed. Ins. Co., 307 F.3d 944, 955 (9th Cir. 2002)

21   (citing Mitsui Mfrs. Bank v. Superior Court, 212 Cal. App. 3d

22   726, 730 (1989)).  "Thus, the implied covenant tort is not

23   available to parties of an ordinary commercial transaction where

24   the parties deal at arms' length."  Id. (internal citations

25   omitted).  Whether a lender is subject to this tort depends on

26   whether there is "a fiduciary relationship in which the financial

27   dependence or personal security by the damaged party has been

28   entrusted to the other."  Mitsui, 212 Cal. App. 3d at 731;

14

1  <u>Pension Trust Fund</u>, 306 F.3d at 955.  As previously noted,

2  plaintiff has not alleged any facts that distinguish this case

3  from an ordinary arms length loan transaction and accordingly has

4  not pled a breach of the covenant of good faith and fair dealing.

5  The claim is also inadequate because it lumps all defendants

6  together and fails to explain what actions each individual

7  defendant took to violate the covenant of good faith and fair

8  dealing.  <u>See Gauvin</u>, 682 F. Supp. at 1071.  Accordingly, the

9  court must grant defendants' motions to dismiss this claim.

10      I.   <u>California's Unfair Competition Law Claim</u>

11          California's Unfair Competition Law ("UCL"), Cal. Bus.

12  & Prof. Code §§ 17200-17210, prohibits "any unlawful, unfair, or

13  fraudulent business act or practice."  <u>Cal-Tech Commc'ns, Inc. v.</u>

14  <u>L.A. Cellular Tel. Co.</u>, 20 Cal. 4th 163, 180 (1999).  This cause

15  of action is generally derivative of some other illegal conduct

16  or fraud committed by a defendant, and "[a] plaintiff must state

17  with reasonable particularity the facts supporting the statutory

18  elements of the violation."  <u>Khoury v. Maly's of Cal., Inc.</u>, 14

19  Cal. App. 4th 612, 619 (1993).

20          Plaintiff's claim under the UCL is vague and

21  conclusory, simply alleging that "[d]efendants' acts, as alleged

22  herein, constitute unlawful, unfair, and/or fraudulent busines

23  practices . . . ."  (Compl. ¶ 88.)  Plaintiff's claim lumps all

24  defendants together and fails to identify any specific act taken

25  by either of the named defendants.  (See <u>id.</u> ¶¶ 88-91.)  Such

26  vague and conclusory allegations are insufficient to inform

27  defendants as to their liability.  See <u>Associated Gen. Contractors</u>

28  <u>of Cal.</u>, 459 U.S. at 526; <u>Gauvin</u>, 682 F. Supp. at 1071; <u>see also</u>

1  <u>Lingad v. Indymac Fed. Bank</u>, No Civ. 2:09-02347 GEB JFM, --- F.
2  Supp. 2d ----, 2010 WL 347994, at *11 (E.D. Cal. Jan. 29, 2010).
3  The court has already indicated it will dismiss plaintiff's other
4  causes of action against defendants for failure to state a claim.
5  Since plaintiff has failed to state a claim on any of these
6  grounds, and because these grounds appear to be the sole basis
7  for plaintiff's UCL claim, plaintiff has necessarily failed to
8  state a claim against defendants under the UCL.  Accordingly, the
9  court will grant defendants' motions to dismiss plaintiff's UCL
10 cause of action.

11      J.   <u>Injunctive Relief</u>

12          Plaintiff's final claim purports to state a cause of
13 action for injunctive relief.  Injunctive relief is not an
14 independent claim, rather it is only a form of relief.  <u>See</u>
15 <u>McDowell v. Watson</u>, 59 Cal. App. 4th 1155, 1159 (1997)
16 ("Injunctive relief is a remedy and not, in itself a cause of
17 action . . . ." (internal quotation marks omitted)).  Because
18 plaintiff's other claims have been dismissed and injunctive
19 relief is not a cause of action in and of itself, the court must
20 grant defendants' motions to dismiss plaintiff's final cause of
21 action as well.

22          IT IS THEREFORE ORDERED that GMAC and First
23 California's motions to dismiss be, and the same hereby are,
24 GRANTED.
25 ///
26 ///
27 ///
28 ///

1    Plaintiff has twenty days from the date of this Order

2  to file an amended complaint, if he can do so consistent with

3  this Order.

4  DATED:  May 11, 2010

5

6  _____

7  WILLIAM B. SHUBB
   UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17