UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MICHAEL C. CARTER,

      Plaintiff,

  v.

GMAC MORTGAGE, LCC; FIRST CALIFORNIA MORTGAGE, a California corporation; and DOES 1 through 100, inclusive,

      Defendants.
_____/

NO. CIV. 2:10-639 WBS DAD

<u>MEMORANDUM AND ORDER RE: MOTION TO DISMISS</u>

----oo0oo----

      Plaintiff Michael C. Carter brought this action against defendants GMAC Mortgage, LLC ("GMAC") and First California Mortgage ("First California") alleging various federal and state claims arising out of plaintiff's mortgage transaction. Presently before the court is First California's motion to dismiss plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).

1

I.   <u>Factual and Procedural Background</u>

On December 7, 2005, plaintiff obtained a loan from First California to purchase his home, located at 1664 Baroness Way in Roseville, California. (FAC ¶ 6; Docket No. 17.) Plaintiff claims that he was channeled into this allegedly unaffordable loan through the conduct of First California, who allegedly exaggerated plaintiff's earnings and the value of the property to secure the loan and falsely told plaintiff that the loan had a fixed interest rate when interest rate was actually adjustable. (FAC ¶¶ 14-16, 20.) Plaintiff further alleges that he did not receive required Notice of Right to Cancel as provided by the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f, at the time of loan origination. (FAC ¶ 72A.) The FAC also alleges that First California forged plaintiff's name on the Notice of Right to Cancel to make it appear as if he received adequate disclosures under TILA. (<u>Id.</u>)

Plaintiff filed his original complaint in California Superior Court in Placer County on February 18, 2010. (Docket No. 1.) First California then removed the case to this court on March 18, 2010 with the consent of GMAC. (<u>Id.</u>) Plaintiff filed the FAC after the court granted defendants' motions to dismiss the original complaint in its entirety on May 12, 2010. (Docket No. 17.) First California now moves to dismiss the causes of action in the FAC that apply to it.

II.  <u>Discussion</u>

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. <u>Scheuer v. Rhodes</u>, 416

U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556-57).

   A.   TILA Claim

        Plaintiff's first cause of action prays for damages and rescission of his loan under TILA.

        1.   Rescission

        As the court noted in its previous Order dismissing the original complaint, if a creditor in a loan transaction fails to provide a borrower with the required notice of the right to rescind, the borrower has three years from the date of consummation of the loan to rescind the transaction.  Id. § 1635(f); see 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation.").  However, "[section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year period," which cannot be tolled.  Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412, (1998); see also Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002)

3

1  ("[S]ection 1635(f) represents an 'absolute limitation on
2  rescission actions' which bars any claims filed more than three
3  years after the consummation of the transaction. (quoting King v.
4  California, 784 F.2d 910, 913 (9th Cir. 1986))); Cazares v.
5  Household Fin. Corp., 2005 U.S. Dist. LEXIS 39222, at *24-25
6  (C.D. Cal. 2005) (concluding that, "[i]f certain Plaintiffs did
7  exercise their rights to rescind[ ] prior to the expiration of
8  the three-year limitation period," such facts "would only entitle
9  Plaintiffs to damages, not rescission" (citing Belini v. Wash.
10 Mut. Bank, FA, 412 F.3d 17 (1st Cir. 2005))).

11        The FAC again alleges that the original complaint,
12 filed on February 18, 2010, served as plaintiff's notice of
13 rescission.  (FAC ¶ 72A.)  However, plaintiff's loan closed on
14 December 7, 2005, putting his notice of rescission well outside
15 of the three-year limitations period.  Accordingly, the court
16 must dismiss plaintiff's request for rescission under TILA.

17        2.   Damages

18        The statute of limitations for a TILA damages claim is
19 one year from the date of the alleged TILA violation.  15 U.S.C.
20 § 1640(e).  Plaintiff argues that the statute of limitations
21 should be tolled because the circumstances of the loan were
22 hidden from him at the outset.  "Equitable tolling may be applied
23 if, despite all due diligence, a plaintiff is unable to obtain
24 vital information bearing on the existence of his claim."  Santa
25 Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000).  Even if
26 plaintiff is legally entitled to equitable tolling of his TILA
27 damages claim, plaintiff has still not alleged any facts in the
28 FAC that would warrant tolling the statute of limitations.

4

In the FAC, plaintiff simply asserts that he was unable to discover defendants' TILA violations until within the last year because he was not given time to review his loan documents at the time of closing, (FAC ¶ 33), and "did not have occasion to review that Application until within the past year" when he gave the documents in his possession to his attorney. (Id. ¶ 58.) The vague allegation that plaintiff did not have adequate time to review his loan documents at closing and then did not "have occasion" to later review them is insufficient to demonstrate that plaintiff exercised due diligence and nevertheless was unable to discover his TILA claim. See Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996) (holding that equitable tolling was inappropriate for a TILA claim where "nothing prevented [plaintiff] from comparing the loan contract, [] initial disclosures, and TILA's . . . requirements"). Plaintiff's vague allegations do not support tolling of the statute of limitations and accordingly the court must dismiss plaintiff's TILA claim. See Cervantes v. Countrywide Home Loans, Inc., 2009 U.S. Dist. LEXIS 87997, at * 13-*14 (D. Ariz. 2009).

    B.    <u>Negligence</u>

The negligence allegations in the FAC are almost identical to the allegations in the original complaint that the court previously found to be insufficient. The FAC alleges that First California owed plaintiff a duty to "perform acts as brokers and lenders in such a manner as to not cause [p]laintiff harm." (FAC ¶ 80.) Plaintiff further contends that defendants breached this duty when "they used their knowledge and skill to direct [him] into a loan for which [he] was not qualified . . .

5

.” (Id. ¶ 81.)

Plaintiff once again cites no authority for the proposition that First California owed a duty to not cause plaintiff harm. Generally, "[a]bsent 'special circumstances' a loan transaction 'is at arms-length'" and no duties arise from the loan transaction outside of those in the agreement. Rangel v. DHI Mortgage Co., Ltd., No. CV F 09-1035 LJO GSA, 2009 WL 2190210, at *3 (E.D. Cal. July 21, 2009) (quoting Oaks Management Corp. v. Superior Court, 145 Cal. App. 4th 453, 466 (2006)). Plaintiff has not shown that First California acted beyond the scope of a mere lender of money. Absent contrary authority, a pleading of an assumption of duty by defendants, or a special relationship, plaintiff cannot establish defendants owed him a duty of care. See Hardy v. Indymac Fed. Bank, --- F.R.D. ---, No. CV F 09-935 LJO SMS, 2009 WL 2985446, at *7 (E.D. Cal. Sept. 15, 2009); Bentham v. Aurora Loan Servs., No. C-09-2059 SC, 2009 WL 2880232, at *2-3 (N.D. Cal. Sept. 1, 2009). Accordingly, the court will grant First California's motion to dismiss plaintiff's negligence claim.

    C.    Fraud Claim

In California, the essential elements of a claim for fraud are "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." In re Estate of Young, 160 Cal. App. 4th 62, 79 (2008). Under the heightened pleading requirements for claims of fraud under Federal Rule of Civil Procedure 9(b), "a party must state with particularity the

6

circumstances constituting the fraud." Fed. R. Civ. P. 9(b).  A plaintiff must include the "who, what, when, where, and how" of the fraud.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted); Decker v. Glenfed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994).  Additionally, "[w]here multiple defendants are asked to respond to allegations of fraud, the complaint must inform each defendant of his alleged participation in the fraud."  Ricon v. Reconstrust Co., No. 09-937, 2009 WL 2407396, at *3 (S.D. Cal. Aug. 4, 2009) (quoting DiVittorio v. Equidyne Extractive Indus., 822 F.2d 1242, 1247 (2d Cir. 1987)).

The fraud claim in the FAC, while more specific than the original complaint's claim, is nevertheless insufficient. First, the claim again does not differentiate between defendants. Defendants should not be forced to guess as to how their conduct was allegedly fraudulent.  See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983); Gauvin, 682 F. Supp. at 1071.  Second, plaintiff still fails to provide the details of who made the fraudulent remarks in question, precisely where and when each were made, and how they were communicated to plaintiff.  See Neubronner v. Milken, 6 F.3d 666, 671 (9th Cir. 1993).  ("The complaint must specify such facts as the times, dates, places and benefits received, and other details of the alleged fraudulent activity.")

Third, many of plaintiff's allegations fail to cross the line between possibility and plausibility.  See Iqbal, 129 S. Ct. at 1949.  For example, plaintiff claims both that defendants fraudulently told him he was receiving a fixed interest rate loan and also lied when they said they would refinance the terms of

7

his loan to a lower interest rate if it increased and became unaffordable. (FAC ¶ 96.) If in fact defendants told plaintiff he was entering into a fixed-rate loan, it is implausible that there would have even been a reason to discuss, let alone lie about, what they would do when the interest rate increased. These types of implausible allegations are insufficient to survive a motion to dismiss. See Iqbal, 129 S. Ct. at 1949. Accordingly, the court must grant First California's motion to dismiss the FAC's fraud claim.

D.   California's Unfair Competition Law Claim

California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). This cause of action is generally derivative of some other illegal conduct or fraud committed by a defendant, and "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of Cal., Inc., 14 Cal. App. 4th 612, 619 (1993).

Plaintiff's claim under the UCL is solely based on the statutory violations alleged in the FAC. The court has already indicated it will dismiss plaintiff's other causes of action against First California for failure to state a claim. Since plaintiff has failed to state a claim on any of these grounds, and because these grounds appear to be the sole basis for plaintiff's UCL claim, plaintiff has necessarily failed to state a claim against First California under the UCL. Accordingly, the court will grant First California's motion to dismiss plaintiff's

1 UCL cause of action.

2     IT IS THEREFORE ORDERED that First California's motion
3 to dismiss the claims in the First Amended Complaint against it
4 be, and the same hereby is, GRANTED.

5     Plaintiff has twenty days from the date of this Order
6 to file an amended complaint, if he can do so consistent with
7 this Order.

8 DATED:   August 5, 2010

                       WILLIAM B. SHUBB
                       UNITED STATES DISTRICT JUDGE