UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MICHAEL C. CARTER,

       Plaintiff,

   v.

GMAC MORTGAGE, LCC; FIRST
CALIFORNIA MORTGAGE
CORPORATION, a California
corporation; and DOES 1
through 100, inclusive,

       Defendants.

_____/

NO. CIV. 2:10-639 WBS DAD

MEMORANDUM AND ORDER RE:
MOTIONS TO DISMISS AND ORDER
OF REMAND

----oo0oo----

Plaintiff Michael C. Carter brought this action against
defendants GMAC Mortgage, LLC ("GMAC") and First California
Mortgage Corporation ("First California") alleging various
federal and state claims arising out of plaintiff's mortgage
transaction.  GMAC and First California now move to dismiss
plaintiff's Second Amended Complaint ("SAC") pursuant to Federal
Rule of Civil Procedure 12(b)(6) for failure to state a claim

1

1  upon which relief can be granted.

2  I.   <u>Factual and Procedural Background</u>

3          In December of 2005, plaintiff obtained a loan from

4  First California to purchase his residence at 1664 Baroness Way,

5  Roseville, Placer County, California.  (SAC ¶¶ 6, 52-53 (Docket

6  No. 31).)  On December 12, 2005, a Deed of Trust was recorded in

7  Placer County Recorder's Office.  (GMAC's Req. for Judicial

8  Notice Ex. 1 (Docket No. 35).)  Kathy Robinson of Financial

9  Company of America, an alleged agent of First California,

10 allegedly misrepresented to plaintiff that the loan had the best

11 interest rate available on the market, the loan had a fixed

12 interest rate, and that the appraisal value of the property was

13 correct.  (SAC ¶¶ 51(1), (3), (7)-(8).)  Robinson's other alleged

14 misrepresentations include that the loan application correctly

15 stated plaintiff's income, the loan application did not include

16 plaintiff's wife's income because she had terminal cancer, the

17 fee charged for the loan was consistent with fees charged for the

18 best loan available on the market, plaintiff had the ability to

19 repay the loan, plaintiff was given at time of closing all the

20 legally required disclosures, and that "at the time of the

21 signing of all the loan documents it was not necessary for

22 plaintiff to read all the documents since they were in order and

23 did not need to be read but only signed."  (<u>Id.</u> ¶¶ 51(2), (4)-

24 (6), (9), (11).)

25         First California allegedly negligently falsified

26 plaintiff's income, appraisal value of the property, and other

27 information on his loan application.  (<u>Id.</u> ¶ 38.)  This was done

28 to "induce" plaintiff to enter the loan transaction.  (<u>Id.</u> ¶ 40.)

Plaintiff further alleges that plaintiff did not receive the required Notice of Right to Cancel pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f, at the time of the loan origination. (SAC ¶ 28.) Plaintiff's signature on the Notice of Right to Cancel in First California's possession is allegedly forged. (Id.)

Plaintiff alleges that GMAC is liable because GMAC "assumed or was assigned" the loan. (Id. ¶¶ 8, 13.) Also, GMAC had an "agreement" with First California to accept loans that included "false information and pre-payment penalties borrowers were not aware of, for the purpose of closing a higher volume of loans for their financial gain." (Id. ¶ 14.)

Plaintiff filed the initial complaint in California Superior Court in Placer County on February 18, 2010. (Docket No. 1.) With GMAC's consent, First California removed the case to this court on March 18, 2010. (Id.) Plaintiff asserts claims for a TILA violation, negligence, fraud, and violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210. The court granted defendants' motions to dismiss the initial complaint in its entirety on May 12, 2010. (Docket No. 17.) The court granted First California's motion to dismiss the First Amended Complaint on August 6, 2010. (Docket No. 29.) Both defendants now move to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6).

II. Discussion

To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

3

(2007).  This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility."  Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).  In deciding whether a plaintiff has stated a claim, the court must assume that the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor.  Usher v. City of L.A., 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks omitted).

In general a court may not consider items outside the pleadings upon deciding a motion to dismiss, but may consider items of which it can take judicial notice.  Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).  A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.

GMAC requests the court take notice of plaintiff's Deed of Trust, publically recorded in the Placer County Recorder's Office.  The court will take judicial notice of this document, since it is a matter of public record whose accuracy cannot be

4

1    questioned.  See Lee v. City of L.A., 250 F.3d 668, 689 (9th Cir.

2    2001).

3         A.   TILA Claim

4              The statute of limitations for a TILA damages claim[1] is

5    one year from the occurrence of a violation.  15 U.S.C. §

6    1640(e).  The "limitations period in [s]ection 1640(e) runs from

7    the date of consummation of the transaction."  King v. State of

8    Cal., 784 F.2d 910, 915 (9th Cir. 1995).  Here, the alleged

9    failure to provide plaintiff with the Notice of Right to Cancel

10   occurred in December of 2005 and plaintiff filed the initial

11   complaint in February of 2010.  Over one year has run, but

12   plaintiff argues that the statute of limitations should be tolled

13   on his TILA claim.  (Docket No. 40 at 2:17-3:25; Docket No. 43 at

14   2:3-4:12.)

15             "[T]he doctrine of equitable tolling may, in the

16   appropriate circumstances, suspend the limitations period until

17   the borrower discovers or had reasonable opportunity to discover

18   the fraud or nondisclosures that form the basis of the TILA

19   action."  King v. State of Cal., 784 F.2d at 915.  The

20   applicability of the equitable tolling doctrine often depends on

21   matters outside the pleadings and thus "is not generally amenable

22   to resolution on a Rule 12(b)(6) motion."  Supermail Cargo, Inc.

23   v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995).

24   Nonetheless, when a plaintiff fails to allege facts suggesting

25   that he did not have a reasonable opportunity to discover the

26

27        [1]   Plaintiff clarifies in his opposition to GMAC's motion
     to dismiss that he has abandoned his TILA rescission claim.
28   (Docket No. 40 at 2:6-7.)

                               5

violation, dismissal may be appropriate.  <u>See</u> <u>Meyer v. Ameriquest</u>
<u>Mortg. Co.</u>, 342 F.3d 899, 902-03 (9th Cir. 2003); <u>Hubbard v.</u>
<u>Fidelity Fed. Bank</u>, 91 F.3d 75, 79 (9th Cir. 1996).

  Here, plaintiff alleges that his signature was forged
on the Notice of Right to Cancel in First California's
possession.  (SAC ¶ 31.)  Even if the Notice of Right to Cancel
in First California's possession contains a forged signature,
this allegation only shows that First California failed to
provide a Notice of Right to Cancel, not that plaintiff did not
have the reasonable opportunity to discover the nondisclosure
within the one-year statute of limitations.  Plaintiff also
alleges that he was not "aware of his statutory rights under
TILA" because the Acknowledgment of Receipt that plaintiff signed
did not specifically mention the Notice of Right to Cancel.  <u>Id.</u>

  The court has found no authority for the proposition
that the statute of limitations is tolled on a TILA claim when
the defendant failed to inform the plaintiff of his right to a
disclosure.  To the contrary, courts have held that equitable
tolling is inappropriate when nothing prevented the plaintiff
from comparing the disclosures made and the disclosures required
under TILA.  In <u>Hubbard v. Fidelity Federal Bank</u>, 91 F.3d 75, 79
(1996), the Ninth Circuit rejected an equitable tolling argument
and explained that "nothing prevented [the plaintiff] from
comparing the loan contract, [the creditor's] initial
disclosures, and TILA's statutory and regulatory requirements."
<u>Id.</u>; <u>see also</u> <u>Hughes v. Equity Plus Fin.</u>, No. 09cv2927, 2010 WL
2836828, at *7 (S.D. Cal. July 19, 2010) ("During the limitations
period, nothing prevented Plaintiff from looking into whether

[the creditor] made all of the required disclosures."); <u>Curtis v.</u>
<u>Option One Mortg. Corp.</u>, No. 109-cv-1608 AWI SMS, 2010 WL 599816,
at *8 (E.D. Cal. Feb. 18, 2010) ("The only explanation that
Plaintiff provides to invoke equitable tolling is that Plaintiff
did not know about the TILA and did not discover the violations
until the loan was reviewed by a loan expert.  Plaintiff has not
made any arguments concerning her own responsibilities to seek
out the necessary disclosures.").  In other words, failure to
disclose does not itself toll the statute of limitations.  <u>Garcia</u>
<u>v. Wachovia Mortg. Corp.</u>, 676 F. Supp. 2d 895, 906 (S.D. Cal.
2009).  As the <u>Garcia</u> court explained the rationale: "This is
sensible, because it is in line with the generally applicable
principles of equitable tolling, and because a contrary rule
would render the one-year statute of limitations meaningless, as
it would be tolled whenever there were improper disclosures."
<u>Id.</u>

        Plaintiff has offered no factual allegations to show
that he was unable to compare what First California disclosed
with the required disclosures under TILA.  As the court explained
in <u>Cervantes v. Countrywide Home Loans</u>, Inc., No. CV 09-517, 2009
WL 3157160, at *4 (D. Ariz. Sept. 24, 2009), factual allegations
are especially important when a TILA violation is "self-apparent
at the consummation of the transaction--e.g., not being provided
a notice of one's right to rescind the transaction at the time of
closing."  <u>Id.</u>; <u>see also</u> <u>Meyer v. Ameriquest Mortg. Co.</u>, 342 F.3d
899, 902-03 (9th Cir. 2003) (rejecting argument for equitable
tolling of the TILA claim because plaintiff was in full
possession of all loan documents and did not allege any actions

7

that would have prevented discovery of the alleged TILA violations).  Accordingly, because plaintiff has not alleged sufficient facts to toll the statute of limitations, the court will grant defendants' motions to dismiss the TILA claim.

While the court should freely give leave to amend when justice so requires, Fed. R. Civ. P. 15(a)(2), the court may deny leave to amend if the amendment would be futile or subject to dismissal.  Gadda v. State Bar of Cal., 511 F.3d 933, 939 (9th Cir. 2007); Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).  Here, the court has twice dismissed plaintiff's TILA damages claim, first in the initial Complaint and then in the First Amended Complaint, for failure to allege sufficient facts to toll the statute of limitations. (See May 12, 2010, Order at 6:12-7:2 (Docket No. 17); August 6, 2010, Order at 4:18-5:19 (Docket No. 29).)

Plaintiff has been given three chances to allege facts sufficient to show that he is entitled to equitable tolling on his TILA claim, and he has been unable to do so.  After three attempts, it is clear to the court that further amendments to the TILA claim would be futile.  See Sanchez v. Greenpoint Mortg. Funding, Inc., No. 09 CV 2005, at *3 (S.D. Cal. May 10, 2010) (dismissing a TILA damages claim based on the statute of limitations without leave to amend); Hilton v. Washington Mut. Bank, No. C 09-1191, 2010 WL 727247, at *6 (N.D. Cal. Mar. 1, 2010) (same).  Accordingly, the court will not afford plaintiff a fourth opportunity to amend the TILA claim.

> B.   Remaining State Law Claims

A defendant may remove an action filed in state court

8

to federal court if the federal court would have original subject
matter jurisdiction over the action.  28 U.S.C. § 1441.  Federal
courts have original subject matter jurisdiction over "all civil
actions arising under the Constitution, laws, or treaties of the
United States."  28 U.S.C. § 1331.  Federal courts also have
"supplemental jurisdiction over all other claims that are so
related to claims in the action within such original jurisdiction
that they form part of the same case or controversy under Article
III of the United States Constitution."  28 U.S.C. § 1367(a).

 "[J]urisdiction must be analyzed on the basis of the
pleadings filed at the time of removal without reference to
subsequent amendments . . . ."  Chabner v. United of Omaha Life
Ins. Co., 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (quoting Sparta
Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, 159 F.3d 1209,
1213 (9th Cir. 1998)) (internal quotation marks omitted).
However, a district court "may decline to exercise supplemental
jurisdiction . . . [if] the district court has dismissed all
claims over which it has original jurisdiction."  28 U.S.C. §
1367(c); see also Acri v. Varian Assocs., Inc., 114 F.3d 999,
1001 n.3 (9th Cir. 1997) (en banc) (explaining that a district
court may decide sua sponte to decline to exercise supplemental
jurisdiction).

 Judicial economy, fairness, convenience, and comity
inform a court in deciding whether to decline to exercise
supplemental jurisdiction.  Acri, 114 F.3d at 1001.  The Supreme
Court has stated that "in the usual case in which all federal-law
claims are eliminated before trial, the balance of factors to be
considered under the pendent jurisdiction doctrine--judicial

1  economy, convenience, fairness, and comity--will point toward

2  declining to exercise jurisdiction over the remaining state-law

3  claims." <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n.7

4  (1988).

5       Here, all of the federal claims are eliminated well in

6  advance of trial.  Comity weighs in favor of declining to

7  exercise supplemental jurisdiction because the remaining claims

8  in the SAC are state law claims.  The state court is competent to

9  hear the case and may have a better understanding of the relevant

10  state law.  This action is still in the early stages.  The court

11  has not held a Status (Pretrial Scheduling) Conference and the

12  parties have not engaged in discovery.  The state and federal

13  fora are equally convenient for the parties, and there is no

14  reason to doubt that the state court will provide an equally fair

15  adjudication of the SAC.  Accordingly, neither judicial economy,

16  convenience nor fairness weigh in favor of exercising

17  supplemental jurisdiction.  For those reasons, the court will

18  remand the remaining state law claims in this action to state

19  court.

20       IT IS THEREFORE ORDERED that defendants' motions to

21  dismiss be, and the same hereby are, GRANTED with respect to the

22  TILA claim and DENIED as moot with respect to the state law

23  claims.

24       IT IS FURTHER ORDERED that the remaining state law

25  claims in this action be, and the same hereby are, REMANDED to

26  Superior Court of the State of California, in and for the County

27  of Placer.

28

DATED:   November 23, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE